**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KARL MITCHELL,**
                       **Plaintiff,**

**-vs-**                                                                  **Case No. 6:05-cv-1311-Orl-19KRS**

**SAMMY'S INVESTMENTS, LLC,**
**ALBERT SEGEV,**
                       **Defendants.**
_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S CLAIM FOR ATTORNEYS' FEES AND COSTS (Doc. No. 25)**
>
> **FILED:** October 19, 2005
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff Karl Mitchell brought the underlying action seeking recovery for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and Chapter 448, Florida Statutes. In their answer, Defendants included a demand for attorneys' fees and costs in the event Defendants prevail. Plaintiff filed the instant motion requesting an order striking Defendants' claim for attorneys' fees.

Under Federal Rule of Civil Procedure 12(f), a "court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A claim for

attorneys' fees is not a defense. It is also not redundant or scandalous. Therefore, this court may order the claim for attorneys' fees stricken only if it is immaterial or impertinent. *Id*.

The FLSA provides for attorneys' fees to be awarded to prevailing plaintiffs. *See* 29 U.S.C. § 216(b) (2005). There is no similar provision for prevailing defendants, unless the court determines the plaintiff litigated in bad faith. *See Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543-44 (11th Cir. 1985). However, § 448.08, Florida Statutes, provides that attorneys' fees may be awarded to any "prevailing party" in an action for unpaid wages. Federal courts applying Florida law have construed this section to allow recovery by a prevailing defendant. *See MacGregor v. Bd. of County Comm'rs*, 130 F.R.D. 464, 468 (S.D. Fla. 1990), *aff'd*, 956 F.2d 1017 (11th Cir. 1992). Because Defendants *may* be entitled to attorneys' fees under Florida law in the event they ultimately prevail, their prayer is neither immaterial nor impertinent, and any motion to strike their prayer for such fees is premature. Accordingly, the motion to strike is not well taken.

**DONE** and **ORDERED** in Orlando, Florida on November 2, 2005.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties