**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**KARL MITCHELL,**
               **Plaintiff,**

**-vs-**                                         **Case No. 6:05-cv-1311-Orl-19KRS**

**SAMMY'S INVESTMENTS, LLC,**
**ALBERT SEGEV,**
               **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration after a hearing on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 77)**
>
> **FILED:** **April 16, 2007**

Plaintiff Karl Mitchell filed a complaint against Defendants Sammy's Investments, LLC, and Albert Segev, alleging violations of the overtime and minimum wage provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and state law claims. Doc. No. 1.[1] The defendants answered and filed a counterclaim alleging breach of contract and conversion claims. Doc. No. 16. The case was then litigated extensively, including mediation that resulted in impasse. *See* Doc. No.

---

[1] The complaint originally included collective action allegations. However, no other plaintiffs have opted in, and at the hearing, counsel indicated that notice had not been sent to any potential opt-in plaintiffs, and that he was unaware of any potential opt-in plaintiffs.

57. The parties then filed their final pretrial statement and related documents. Doc. Nos. 71-73. On the eve of the final pretrial conference, the parties filed the present notice of settlement and motion for approval thereof. Accordingly, I held a hearing to evaluate the fairness of the proposed settlement on April 20, 2007, as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982).

According to the terms of the settlement, Mitchell will receive $1,000.00 in compensation for his overtime claims, plus $1,000.00 in liquidated damages. The defendants agree to release Mitchell from their counterclaims. *Id*. Additionally, under the settlement, Mitchell's counsel will receive $6,500.00, $1500.00 of which is compensation for costs incurred and the remainder attorneys' fees. *Id*. At the hearing, counsel represented that this amount constitutes a compromise of his attorneys' fees.

The final pretrial statement reflects that Mitchell claimed $17,732.00 in unpaid overtime compensation, far in excess of the $2,000 he agreed to accept in settlement of this case. At the hearing, I asked counsel for Mitchell to proffer the evidence he intended to present at trial in support of the alleged unpaid overtime. Counsel responded that the defendants' records showed that Mitchell was owed approximately $687.00 in unpaid overtime compensation, and that Mitchell would testify that the remainder of the overtime was "off the books" time. Counsel further indicated that Mitchell was prepared to testify, should the case proceed to trial, about the overtime he worked. Thus, the case was not resolved, in the opinion of plaintiff's counsel, due to a failure of proof.

In *Lynn's Food Stores*, the United States Court of Appeals for the Eleventh Circuit explained the history leading to the FLSA as follows:

> The FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. . . . Recognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees.

679 F.2d at 1352.

There are two ways to compromise an FLSA claim, only one of which is applicable here – that is, when the district court approves the settlement after scrutinizing it for fairness. *Id.* at 1353. With respect to judicially approved settlements, the *Lynn's Food Stores* court wrote as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.

*Id.* at 1354.

I have significant concerns about recommending approval of the settlement in this case. As discussed above, the amount Mitchell will receive, $2,000.00, is more than $15,000.00 less than the overtime compensation he asserts, and contends he can prove, was owed to him. However, because the defendants have time records that establish that Mitchell was only entitled to approximately $687.00, at most, in overtime compensation, he faces a significant risk that his testimony about "off the books" time would not be credited by the trier of fact. He also gains an additional benefit by the dismissal of the counterclaims against him.

This is one of a plethora of cases filed in this division of the Court in which plaintiffs initially contend that they have significant wages due to them under the FLSA, only to resolve the case for a *de minimis* amount to the plaintiffs but a significant payment of attorney's fees. Counsel is cautioned that Federal Rule of Civil Procedure 11 requires a good faith investigation before suit is filed, which could reasonably be construed to require that counsel at least contact the employer to request wage records[2] before filing suit. Furthermore, continuing to litigate a case after it becomes clear that the initial claims are not supportable, or were significantly overstated, merely to obtain payment of attorney's fees may also violate Rule 11 and 28 U.S.C. § 1927.

Nevertheless, in this case the money paid to the plaintiff is generous in light of the work records that indicate he was entitled to, at most, approximately $687.00 in overtime compensation. The settlement also resolved other disputes between the parties, and counsel for the plaintiff represents that he compromised his attorneys' fees as part of the settlement. Under these circumstances, I believe that this settlement agreement is fair.

Accordingly, I respectfully recommend that the Court **DISMISS** the collective action allegations of the complaint. I further recommend that the Court **GRANT** the Joint Motion for

---

[2] If counsel for employers would voluntarily furnish the information presuit, litigation might be unnecessary or, at least, substantially shortened.

Approval of Settlement Agreement as Stipulated Final Judgment, doc. no. 77. Thereafter, I recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 3, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy